IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **BRUCE E. MARTIN,** | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 5:05-0609 |
| **STEVE BELLEOU,** | ) |
| **Director of Bannum House of Charleston,** | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) In consideration of the record and information obtained through the Office of Probation, the undersigned has concluded, and hereby respectfully recommends, that this matter should be dismissed.

**FACTUAL BACKGROUND**

On October 30, 2003, the District Court sentenced Petitioner to a 30-month term of imprisonment to be followed by a three year term of supervised release upon his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922 and 924.(Criminal Action No. 5:03-00124-1, Document Nos. 20 and 25.) The Court also imposed a $100 special assessment. (Id.,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Document No. 25.) Petitioner did not appeal his sentence or conviction.

On July 27, 2005, Petitioner, then a resident at Bannum Place, a halfway house, filed the instant Petition alleging improper calculation of his good conduct time. (Document No. 1, p. 7.) Specifically, Petitioner contends that "[t]he director of Bannum Place has incorrectly computed my good-time credits and is holding me at the half-way house until August 18, 2005. I should have been released July 2, 2005, according to my good time credits." (Id.) Petitioner attaches a copy of a computation form and a sentencing monitoring form containing good time data indicating the Bureau of Prisons' determination on December 16, 2003,[2] that he would be entitled to 160 days prior credit time and 117 days good conduct time so that his projected statutory release date would be July 26, 2005, if he served his term of incarceration without any disciplinary violations.[3] It appears from the record in Criminal No. 5:03-0124 that Petitioner was released from Bannum Place and his term of supervised release commenced on August 18, 2005. (Criminal No. 5:03-0124, Document Nos. 33 and 34.) Petitioner's term of supervised release has recently been revoked. (Id., Document No. 45.)

**ANALYSIS**

First, the undersigned finds that Petitioner's Section 2241 Petition should be dismissed as having no merit. The Bureau of Prisons' records indicate as noted above that Petitioner's statutory release date was extended to August 18, 2005, in consideration of his loss of good time credit as a

---

[2] Petitioner was transferred to a Bureau of Prisons' facility on December 18, 2003. (Criminal No. 5:03-0124, Document No. 28.)

[3] The undersigned has learned through the Office of Probation that Petitioner was charged in disciplinary proceedings on October 27, 2004, while serving his term of incarceration with threatening bodily harm. A hearing was held on the charges on November 7, 2004, and Petitioner was found guilty. As a consequence, he was placed in disciplinary segregation for thirty days and lost 27 days of good conduct time. Petitioner's projected statutory release date was therefore extended to August 18, 2005, the day he was released.

consequence of his disciplinary infraction while he was serving his term of incarceration and Petitioner was release on that date.

Second, the undersigned finds that this matter should be dismissed because, even if Petitioner served as much as 45 more days in prison than he should have due to the Bureau of Prisons' incorrect calculation of his good time credits, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." United States v. Johnson, 529 U.S. 53, 59, 120 S.Ct. 1114, 1118, 146 L.Ed.2d 39 (2000). Accordingly, assuming that Petitioner is correct and he actually did serve more time in custody that he should have, there would be no collateral consequence as he served his term of supervised release under 18 U.S.C. § 3624. Petitioner's term of supervised release could not be reduced. His Section 2241 Petition should therefore be dismissed as moot. See Porter v. United States, 2004 WL 3899008 (D.S.C.).[4]

### PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's § 2241 Application (Document No. 1), and remove this matter from the Court's docket.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E.

---

[4] The undersigned further notes that it does not appear that Petitioner exhausted administrative grievance procedures before filing his Petition. Federal prisoners challenging the execution of their sentence must exhaust administrative remedies prior to seeking *habeas* review under 28 U.S.C. § 2241. *See Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Nothing in Petitioner's Section 2241 Petition indicates that he challenged the Bureau of Prisons' calculation of his period of incarceration through the available administrative grievance procedures.

Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner who is currently in custody at FCI Beckley.

Date: July 24, 2008.

R. Clarke VanDervort
United States Magistrate Judge